**Mathew Benedict RAFFA,
et al., Plaintiffs,**

v.

**WACHOVIA CORPORATION,
Defendant.**

**No. 8:02CV1443–T–27–EAJ.**

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 27, 2002.

Guy M. Burns, Jonathan S. Coleman, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, FL, for Plaintiff.

A. Alexander Rhodes, Carlton Fields, P.A., Tampa, FL, Gary Lee Sasso, John L. Badalmenti, Carlton Fields, P.A., St. Petersburg, FL, for Defendant.

### ORDER

JENKINS, United State Magistrate Judge.

Before this Court is the Defendant's Motion To Strike References To, And To Compel Return Of, Federally Protected Documents (Dkt.13), filed on October 15, 2002, and Opposition To Wachovia's "Motion To Strike References To, And To Compel Return Of, Federally Protected Documents" (Dkt.30), filed on November 1, 2002.

*Background*

On June 1, 2000, Plaintiff sold his Commerce National shares pursuant to an "Agreement and Plan of Merger" ("Agreement") between Commerce National Corporation ("Commerce") and Wachovia Corporation ("Defendant").

Plaintiff alleges Defendant withheld from Plaintiff adverse information about Defendant's financial status. Defendant had a reserve deficiency which led Wachovia to announce on June 14, 2000, a $200 million dollar charge against its earnings. The charge precipitated a 20% decline in Defendant's stock value.

Plaintiff alleges that, had the information been disclosed earlier, he would have received a more favorable exchange rate for his shares of Commerce.

He filed this lawsuit on behalf of himself and similarly situated shareholders of Commerce who sold their shares pursuant to the Agreement. The class has not yet been certified.

In another pending case in this District, 8:01–CV–1041–T–17–MAP, Frederick A. Raffa, father of the named Plaintiff in this case and represented by the same counsel, requested the production of United States Office of the Comptroller of the Currency ("OCC") examination reports of the Defendant for 1998 through 2000 from the Defendant on April 9, 2002. Defendant refused to disclose the information and provided no privilege log.

Rather, Frederick A. Raffa received some OCC documents from the Defendant's auditors Ernst & Young, including

Supervisory Letter 00–09 ("Letter") dated December 8, 2000, signed by National Bank Examiner Tommy D. Fuller.

Plaintiffs filed an amended complaint in that case, reflecting the information obtained from Ernst & Young.

In this case, Plaintiff's complaint included a discussion concerning information from Ernst & Young as well as a copy of some of the documents, attached as Exhibit 6 to Plaintiff's complaint.

Defendant moves to strike references to the documents, to compel their return to Defendant, and to bar Plaintiff from further use or publication of the documents.

Discovery deadline has not been set in this case. The Preliminary Pretrial Conference is set for December 13, 2002.

*Analysis*

█ The Code of Federal Regulations address the release of such OCC information such as those contained in these documents. *See* 12 C.F.R. § 4.31 *et seq.* The Regulations define such information as confidential and non-public, even if in the lawful possession of another individual or entity. *See* 12 C.F.R. § 4.32(b)(i) and (iii).

The Regulations require that, without OCC approval, no person, including one in lawful possession of non-public OCC information, may disclose the information except after that person has sought and obtained permission from the OCC or as ordered by a federal court. *See* 12 C.F.R. §§ 4.36(d) and 4.37(b)(1)(i).

█ Such documents have generally been protected by a qualified bank examination privilege. *In re: Subpoena Served Upon Comptroller of the Currency and Secretary of the Board of Governors of the Federal Reserve System,* 967 F.2d 630,

633–34 (D.C.Cir.1992). The bank examination privilege shields from discovery only agency opinions or recommendations; it does not protect purely factual material. *Id.* at 634 (citations omitted). This privilege belongs to the OCC. *First Eastern Corp. v. Mainwaring,* 21 F.3d 465, 468 (D.C.Cir.1994).

Defendant has attached to its Motion a copy of a letter from Ford Barrett, the Assistant Director of the Litigation Division of the OCC. The Ford letter suggests Plaintiff return the examination report to the OCC and then apply to the OCC for access to it. The OCC has not yet asked to intervene in this case.

However, under 12 C.F.R. § 4.37(b), Plaintiffs are required to request non-public OCC documents through the administrative procedures set forth in 12 C.F.R. § 4.33(3).

*Conclusion*

A determination of discoverability is premature pending a determination by the OCC whether they will release the information through the established administrative process. Therefore, within twenty days, Plaintiff shall request the information through the process as set forth in 12 C.F.R. § 4.33(3).

Plaintiff and Defendant will submit a confidentiality order to govern the information at issue until a decision is rendered by the OCC.

If, after sixty-one days following the Plaintiff's request, the OCC refuses to allow Plaintiff to use the information, Plaintiff and Defendant may resubmit arguments regarding the discoverability of the OCC material on proper motion.

Upon consideration, it is **ORDERED** and **ADJUDGED:**

(1) **Defendant's Motion To Strike References To, And To Compel Return Of, Federally Protected Documents** (Dkt.13) is **DENIED;**

(2) Plaintiff shall request the OCC information through the administrative procedure set forth in 12 C.F.R. § 4.33(3) within twenty (20) days of the date of this order;

(3) Plaintiff and Defendant shall submit a confidentiality order to govern the OCC information until a decision is rendered by the OCC through the administrative procedure; and

(4) Plaintiff and Defendant may resubmit arguments regarding discoverability of the OCC material on proper motion sixty-one (61) days after Plaintiff's request to the OCC.